UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL HENRY MANDAIL HILL, | ) | CASE NO. 4:25-cv-709 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TRUMBULL COUNTY CHILD SUPPORT EMFORCEMENT AGENCY, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Paul Henry Mandail Hill filed this civil rights action pursuant to 42 U.S.C. § 1983 against Trumbull County Child Support Enforcement Agency ("CSEA"), Trumbull County Commissioners, CSEA employees Robert March and Carmel Schehi, and Title IV-D "Obligee" Sarah Monroe (collectively "defendants") alleging that defendants violated his constitutional rights in connection with a state child support order issued against him. (*See generally* Doc. No. 3 (First Amended Complaint, hereinafter "complaint").) Plaintiff filed a motion to proceed *in forma pauperis* (Doc. No. 2), which the Court grants.

For the reasons set forth below, this case is dismissed.

I.   BACKGROUND

Plaintiff's complaint is difficult to discern and contains few factual allegations. Plaintiff, who represents that he is a "private American citizen and Authorized Representative of the Paul H. Hill Living Trust" (Doc. No. 3 ¶ 3), maintains that he "was subjected to administrative enforcement based on an alleged child support order" that was "issued without proper due process,

notice, or opportunity to be heard." (*Id*. ¶¶ 8–9.) He further alleges that a "default judgment was entered unlawfully, without lawful service or jurisdiction." (*Id*. ¶ 10.) Additionally, he contends that the "child support enforcement was executed in violation of [his] constitutional rights and Title IV-D procedures[,]" and that "[a]ll funds seized under the order constitute unlawful conversion of trust assets and unjust enrichment by" defendants. (*Id*. ¶¶ 11–12.) He seeks compensatory damages, restitution "of all funds unlawfully taken from the Paul H. Hill Living Trust[,]" interest, an order declaring the child support order "void ab initio," and an injunction against "further enforcement" of the child support order. (*Id*. at 3[1] (Prayer for Relief).)

Plaintiff filed a "Notice" requesting that the Court "amend the docket caption" to show that the plaintiff in the case is the "Paul H. Hill Living Trust" (Doc. No. 11), two motions for default judgment(Doc. No. 12, 14), and a motion to compel judicial determination and trust payment (Doc. No. 15.) These motions are denied,[2] and, for the reasons that follow, the Court finds that plaintiff's complaint warrants *sua sponte* dismissal.

## II. STANDARD OF REVIEW AND DISCUSSION

A federal district court is expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court and to dismiss any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] As a *pro se* litigant, plaintiff may not represent the interests of another litigant in federal court, and trusts must be represented by a licensed attorney. *See Williams Huron Gardens 397 Trust v. Township of Waterford*, No. 18-12319, 2019 WL 2051967, at *3 (E.D. Mich. Feb. 28, 2019). Default judgment is not warranted, and although plaintiff contends he has served defendants, no valid proof of service is reflected on the Court's docket. Plaintiff's motion to compel a judicial determination (Doc. No. 15) is denied as moot.

for failure to state a claim, a complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).

In addition, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted)

Here, the Court's subject matter jurisdiction is limited by the *Rooker-Feldman* doctrine,[3] which provides that "federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that the state court's action was unconstitutional." *Carr v. Spencer*, 13 F. App'x 296, 298 (6th Cir. 2001) (cleaned up). Put differently, *Rooker-Feldman* prevents a party from taking "an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006). Only the United States Supreme Court is empowered to review state court judgments, *Carr*, 13 F. App'x at 298, and even then, only if they come from "the highest court of a State[.]" 28 U.S.C. § 1257.

---

[3] The *Rooker-Feldman* doctrine is derived from two Supreme Court cases: *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

The doctrine applies to cases that are "[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Adams v. Calhoun Cnty.*, No. 18-1867, 2019 WL 3501815, at *2–3 (6th Cir. Apr. 24, 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). The pertinent inquiry is whether the "source of the injury" upon which plaintiff bases his federal claim is a state court judgment. *Id*. (citing *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010)). If the source of the injury is a state court decision, then the *Rooker-Feldman* doctrine prevents a district court from asserting jurisdiction.

Consistent with *Rooker-Feldman*, federal courts routinely dismiss challenges to state child support orders, whether arising from a court or an administrative body, for lack of subject matter jurisdiction. *See Rouse v. Nessel*, No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (district court properly found plaintiff's claims, requiring rejection of child support orders, barred by *Rooker-Feldman*); *Boseman v. Mahoning Cnty. Child Support Enf't Agency*, No. 4:25-cv-627, 2025 WL 1615639, at *2–3 (N.D. Ohio June 6, 2025) (dismissing *pro se* complaint under 28 U.S.C. § 1915(e) where plaintiff alleged constitutional rights violations in connection with a state child support court or administrative order); *Ellis v. Mahoning Cnty. Child Support Enf't Agency*, No. 4:24-cv-2028, 2025 WL 524368, at *4 (N.D. Ohio Feb. 18, 2025) (same); *Adams*, 2019 WL 3501815, at *2–3 (affirming dismissal of *pro se* complaint challenging a state-issued child support order and subsequent conviction for failure to pay child support on the basis of *Rooker-Feldman*).

Here, it is clear that the source of the injury plaintiff claims in his complaint is a state-issued child support enforcement order. Plaintiff specifically seeks to undo the child support

enforcement order by declaring the order invalid, enjoining future support of the order, and recouping any monies recovered pursuant to the order. (Doc. No. 3, at 3.) "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Ewing v. Cuyahoga Cnty. Off. of Child Support Servs.*, No. 1:24-cv-997, 2024 WL 4252565, at *3 (N.D. Ohio Sept. 20, 2024) (dismissing civil rights petition on screening as barred by *Rooker-Feldman* where plaintiff sought to enjoin state child support enforcement order (quoting *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (further quotation marks and citations omitted))); *see Adams*, 2019 WL 3501815, at *3. The Court lacks subject matter jurisdiction to declare the state child support order invalid or to relieve plaintiff of the effects of the order. Plaintiff's recourse was to pursue a timely appeal in the state courts and, if necessary, apply for a writ of certiorari to the United States Supreme Court. *See Boseman*, 2025 WL 1615639, at *2.

Even beyond *Rooker-Feldman*, plaintiff's complaint warrants dismissal under 28 U.S.C. § 1915(e)(2)(B) for additional reasons. Plaintiff has not alleged facts in his complaint indicating specifically what he contends each individual named defendant (*i.e.*, defendants March, Schehi, Monroe, and Trumbull County Commissioners) did in connection with child support proceedings or orders to violate his rights. Where a plaintiff merely lists the names of defendants in the caption of his complaint but fails to allege cogent facts in the body of his complaint indicating how each was personally involved in the rights violations he alleges, his complaint is subject to summary dismissal even under the lenient standard accorded *pro se* plaintiffs. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of

the named defendants were personally involved in or responsible for each alleged violation of federal rights).[4] Additionally, private individuals, such as Sarah Monroe, are not state actors subject to suit under § 1983. *Abessolo v. Smith*, No. 1:11-cv-680, 2012 WL 668773, at *7 (S.D. Ohio Feb. 29, 2012) ("Although [foster parents] are not cloaked with immunity, neither can they be held liable for damages under § 1983 because they are private individuals and not State actors subject to suit."), *report and recommendation adopted by* 2012 WL 1584321 (S.D. Ohio May 2, 2012). And finally, county child support enforcement agencies are not *sui juris* and cannot be sued in their own right. *Ewing*, 2024 WL 4252565, at *2 (collecting cases); *Foster v. Cuyahoga Cnty. Child Support Enf't Agency*, No.1:19 cv 1571, 2019 WL 6841773, at *2 (N.D. Ohio Dec. 16, 2019) (same).

### III. CONCLUSION

Accordingly, for all of the foregoing reasons, plaintiff's complaint is dismissed. The Court further certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 6, 2025

                                            **HONORABLE SARA LIOI**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[4] In fact, plaintiff offers only conclusory allegations of wrongdoing against *all* defendants without any effort at articulating specific factual contentions. "It is well established that conclusory, unsupported allegations of constitutional deprivations do not state a federal civil rights claim." *Harrington v. Grayson*, 811 F. Supp. 1221, 1227 (E.D. Mich. 1993) (collecting cases); *see, e.g., Williams v. Ohio State Troopers*, 1:22-cv-164, 2022 WL 1538420, at *2 (S.D. Ohio May 16, 2022) ("The complaint's vague and conclusory allegations are insufficient to plausibly suggest that defendants violated plaintiff's constitutional rights." (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565-66)), *report and recommendation adopted by* 2022 WL 3212443 (S.D. Ohio Aug. 8, 2022).